# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

AMANDA COSGROVE,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: CV512-035

Case No.: CR508-016

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Amanda Cosgrove ("Cosgrove"), an inmate currently incarcerated at Arrendale State Prison in Alto, Georgia, filed an action pursuant to 28 U.S.C. § 2255. (Doc. No. 1). Respondent filed a Motion to Dismiss asserting that Cosgrove's § 2255 Motion to Vacate, Set Aside, or Correct sentence was untimely. Cosgrove filed a Response to Respondent's Motion to Dismiss. In a Report dated August 6, 2012, the undersigned recommended that Respondent's Motion to Dismiss be granted. Cosgrove filed Objections to the August 6, 2012, Report, wherein she informed the Court that she first filed a motion attacking her sentence on December 17, 2010, and a second motion attacking her sentence on the same basis on March 28, 2011. After reviewing the docket sheet in Cosgrove's criminal case, the undersigned found that she filed two post-judgment "Motions to Dismiss" which should have been construed as a § 2255 motion. United States v. Cosgrove, CR508-016, Doc. Nos. 223 and 224 (S.D. Ga.). The undersigned vacated the August 6, 2012, Report and re-characterized Cosgrove's post-

AO 72A
(Rev. 8/82)

judgment "Motions to Dismiss" as a § 2255 motion. The undersigned also considered the document filed as a § 2255 motion, (Doc. No. 1), an amendment to her § 2255 motion, United States v. Cosgrove, CR508-016, Doc. Nos. 223 and 224. Those three (3) documents now collectively make up Cosgrove's "§ 2255 Motion."

Cosgrove was ordered to file any desired amendment to her § 2255 Motion within twenty (20) days of the date of the Order re-characterizing the documents that make up that Motion. Cosgrove did not file an amendment. Respondent was ordered to file a Response to Cosgrove's § 2255 Motion. Respondent filed an appropriate Response.

## STATEMENT OF THE CASE

Cosgrove pled guilty to one count of Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951. United States v. Cosgrove, CR508-016, Doc. No. 198, p. 1. She was sentenced to 97 months' imprisonment. Id. at p. 2. In her § 2255 motion, pre-amendment, Cosgrove argued that her conviction and sentence should be vacated because Title 18 of the United States Code is not valid law. United States v. Cosgrove, CR508-016, Doc. Nos. 223 and 224. In her amendment to her § 2255 motion, Cosgrove argued that Title 18 of the United States Code is not valid law; that her state sentence, which was imposed after her federal sentence, should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing;" and that her lawyer in her criminal case was ineffective. (Doc. No. 1). Respondent asserts that Cosgrove's first ground in support of her § 2255 Motion, that Title 18 of the United States code is not valid law, is meritless. Respondent asserts that Cosgrove's second and third grounds in support of her § 2255 Motion, that her state sentence, which was imposed

72A
v. 8/82)

after her federal sentence, should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing," and that her lawyer in her criminal case was ineffective, are untimely and are also meritless.

## DISCUSSION AND CITATION OF AUTHORITY

### I. Merits of ground one

Cosgrove argues that her conviction and sentence should be vacated because Title 18 of the United States Code is not valid law. Title 18 of the United States Code, as a whole, has not been held to be invalid or unconstitutional. Moreover, 18 U.S.C. § 1951, the code section under which Cosgrove was convicted, has not been invalidated. This portion of Cosgrove's Motion should be **denied**.

### II. Timeliness of grounds two and three

A § 2255 motion is subject to a one-year period of limitation, which begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation period began to run, as to Cosgrove, on the date on which the judgment of her conviction became final.[1] The judgment in

---

[1] Cosgrove does not argue that she was prevented from making a motion by governmental action in violation of the Constitution or laws of the United States. Cosgrove also does not argue that a right newly

3

Cosgrove's criminal case was imposed on March 22, 2010, and entered on March 24, 2010. United States v. Cosgrove, CR508-016, Doc. No. 198, p. 1. Cosgrove did not file a direct appeal, so the judgment of conviction became final fourteen (14) days later, on April 7, 2010, upon the expiration of the time to appeal. See FED. R. APP. P. 4(b)(1)(A) & 26 (2010 ed.); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). The one-year period for Cosgrove to file a timely § 2255 motion ended on April 6, 2011. Cosgrove filed her pre-amendment § 2255 motion, asserting ground one, on December 17, 2010, and March 28, 2011. United States v. Cosgrove, CR508-016, Doc. Nos. 223 and 224. Cosgrove filed her amendment to her § 2255 motion, asserting grounds one, two, and three, on May 11, 2012,[2] (Doc. No. 1), more than one (1) year after the statutory limitation period ended and more than two (2) years after the judgment of conviction in her criminal case became final. Cosgrove's amendment to her § 2255 motion, asserting for the first time grounds two and three, is timely only if the one-year limitation period was tolled or if the amendment relates back under Federal Rule of Civil Procedure 15(c) to the date of the original filing of her § 2255 motion.

### A. Equitable tolling

The § 2255 one-year limitation period is subject to equitable tolling. Akins, 204 F.3d at 1089. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." Id. (internal punctuation and citation omitted). The Court of Appeals for

---

recognized by the Supreme Court applies to her. Finally, Cosgrove does not argue that newly discovered facts support her claims.

[2] The postmark date on the envelope appears to be either April 23, 2012, or April 25, 2012. However, even if Cosgrove's Motion was executed on April 23, 2012, it is still untimely by more than one year.

4

the Eleventh Circuit has held that transfer between facilities and any accompanied lack of access to legal papers are not extraordinary circumstances justifying equitable tolling. Dodd v. United States, 365 F.3d 1273, 1282–83 (11th Cir. 2004). The Eleventh Circuit has also held that denial of access to a law library does not constitute extraordinary circumstances. Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007).[3] Additionally, attorney negligence does not justify equitable tolling. Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted).[4]

In her Response to Respondent's Motion to Dismiss, Cosgrove does not specifically argue that the statute of limitations is subject to equitable tolling as to her, but construing her Response liberally, Cosgrove possibly makes that argument. Cosgrove states that she was not informed of her post-conviction rights and the availability of any post-conviction remedies. To the extent that she is arguing that the limitation period should be tolled due to attorney negligence, her argument is foreclosed by Steed.[5] Cosgrove also states that her several transfers among prisons precluded her access to paperwork. Finally, Cosgrove states that she did not have access to legal information, which she needed because she has no knowledge of federal law, until April or May 2012. Cosgrove's arguments for equitable tolling based on lack of access to her

---

[3] Paulcin's petition was filed pursuant to 28 U.S.C. § 2254; therefore, the applicable statute of limitations was 28 U.S.C. § 2244(d). "[C]ases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." Jones v. United States, 304 F.3d 1035, 1038 n.4 (11th Cir. 2002) (internal punctuation and citation omitted).

[4] The statute of limitations applicable to Steed's petition was 28 U.S.C. § 2244(d).

[5] Cosgrove asserts mere negligence on the part of her attorney. She does not assert that her attorney deliberately misled her or engaged in misconduct that would lead to a finding of "extraordinary circumstances" under § 2255. See Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008), for examples of attorney misconduct that constitute extraordinary circumstances.

5

paperwork and to legal information are foreclosed by Dodd and Paulcin, respectively. Cosgrove's amendment to her § 2255 motion is not subject to equitable tolling.

**B. Relation back under Federal Rule of Civil Procedure 15(c)**

Otherwise untimely claims can be considered timely if they "relate back" to preceding claims that were timely filed. See Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" FED. R. CIV. P. 15(c)(2). For a § 2255 claim to "relate back" under Rule 15(c), "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Davenport, 217 F.3d at 1344 (internal punctuation and citations omitted). In Davenport, the original § 2255 motion claimed that counsel was ineffective for three (3) reasons. The amended § 2255 motion in Davenport claimed that counsel was ineffective for three (3) additional reasons. The Eleventh Circuit held that "Davenport's three new claims do not arise out of the same set of facts as his original claims, but arose from separate conduct and occurrences in both time and type. As a result, the three new claims in Davenport's amended § 2255 motion do not relate back to the date of his timely filed § 2255 motion." Davenport, 217 F.3d at 1346; See also Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (finding that new claims that a prior conviction was constitutionally invalid and that the issue of drug quantity was

6

improperly decided by the district court did not relate back to original claims of ineffective assistance of counsel and incorrect interpretation of sentencing guidelines).

Like the amended claims in Davenport and Farris, the claims Cosgrove seeks to bring in her amendment to her § 2255 motion do not arise out of the same set of facts that forms the basis of the claim brought in her original § 2255 motion. Cosgrove's claims that her state sentence should run concurrent with her federal sentence under the "Doctrine of Concurrent Sentencing" and that her lawyer in her criminal case was ineffective, asserted in grounds two and three of her § 2255 Motion, are different in both time and type from her timely-filed claim for relief.

As a result, grounds two and three of Cosgrove's Motion do not "relate back" and are untimely. Therefore, grounds two and three should be **dismissed**. The merits of these grounds in support of Cosgrove's Motion do not need to be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** in part and that grounds two and three in support of Cosgrove's Motion be **DISMISSED** as time-barred. It is also my **RECOMMENDATION** that ground one in support of Cosgrove's Motion be **DENIED**.

SO REPORTED and RECOMMENDED, this 22nd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

7