IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

AMANDA COSGROVE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV512-035

Case No.: CR508-016



## ORDER

Amanda Cosgrove ("Cosgrove") filed Objections to the Magistrate Judge's Report dated October 22, 2012, which recommended that Cosgrove's 28 U.S.C. § 2255 Motion be dismissed in part and denied in part. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In her Objections, Cosgrove argues that the Magistrate Judge's recommendations were based on untimely filings submitted by Respondent and should, therefore, be disregarded. Specifically, Cosgrove asserts that Respondent's October 16, 2012, Response to her § 2255 Motion, which Respondent was instructed to file via the Magistrate Judge's September 6, 2012, Order, was untimely. In the relevant Order, the Magistrate Judge instructed Cosgrove to file any desired amendment to her § 2255 Motion within twenty (20) days of the date of the Order. (Doc. No. 18, p. 3). The Magistrate Judge instructed Respondent to file its Response to Cosgrove's § 2255

Motion "within twenty (20) days of the filing of any amendment Cosgrove chooses to file . . . ; or, if Cosgrove [did] not file an amendment . . . within twenty (20) days of the deadline for Cosgrove to file such an amendment." (Doc. No. 18, p. 4). Based on the wording of that Order, Respondent had until October 16, 2012, to file its Response to Cosgrove's § 2255 Motion, regardless of whether Cosgrove filed an amendment to her Motion, as allowed by that Order. As a result, Respondent's October 16, 2012, Response to Cosgrove's § 2255 Motion was timely filed.

Additionally, in her Objections, Cosgrove argues that grounds two and three in support of her § 2255 Motion, which the Magistrate Judge recommended be dismissed as time-barred, were timely filed. In support of this argument, Cosgrove points to the Magistrate Judge's Order, dated September 6, 2012, which construed grounds two and three of Cosgrove's § 2255 Motion as amendments to Cosgrove's timely filed § 2255 motion, which brought only ground one. An amendment to a motion is not timely simply because the original motion is timely. In the September 6, 2012, Order, the Magistrate Judge specifically directed Respondent to address, in its Response to Cosgrove's § 2255 Motion, the timeliness of grounds two and three. (Doc. No. 18, pp. 3–4). It is clear from the face of that Order that the timeliness of grounds two and three was in dispute. The undersigned agrees with the Magistrate Judge's determination regarding that dispute, (Doc. No. 21, pp. 3–7), and his recommendation of dismissal of grounds two and three.

Finally, Cosgrove argues that her ineffective assistance of counsel claim, ground three in support of her § 2255 Motion, is meritorious. The Magistrate Judge properly did

not reach the merits of this ground in support of Cosgrove's Motion because this ground was properly recommended for dismissal based on its untimeliness.

Cosgrove's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED** in part, and grounds two and three of Cosgrove's § 2255 Motion are **DISMISSED** as time-barred. Ground one in support of Cosgrove's § 2255 Motion is **DENIED**. The Clerk is directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 7th day of DECEMBER, 2012.

WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA